| | |
|---|---|
| ROY'LAND RICE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>A. HARRIS,<br><br>　　　　　Respondent. | Case No. 1:17-cv-01180-MJS (HC)<br><br>**ORDER DIRECTING CLERK'S OFFICE TO ASSIGN A DISTRICT JUDGE TO THIS MATTER**<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR LACK OF JURISDICTION**<br><br>**THIRTY (30) DAY OBJECTION DEADLINE** |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus 17 pursuant to 28 U.S.C. § 2241. He complains that his institution is denying inmates fresh fruits and vegetables.

**I.　　Procedural Grounds for Summary Dismissal**

The Rules Governing Section 2254 Cases in the United States District Courts are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Rule Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4.

The Court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042–43 (9th Cir. 2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

## II. Discussion

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. A federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus under 28 U.S.C. § 2255. A petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). Writ of habeas corpus relief is available under § 2241 if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). However, where a Petitioner seeks to challenge the conditions of his confinement, his claims are cognizable in a civil rights action rather than a habeas corpus action. In the federal context, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. C.f., Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In this case, Petitioner's complaints involve the conditions of his confinement, not the execution of his sentence. He seeks injunctive relief requiring the institution to cease serving certain foods and to begin serving others. He also seeks monetary damages.

These claims are not cognizable in habeas corpus and should be dismissed. It does not appear that any tenable claim for relief could be pleaded, even if leave to amend were granted. <u>Jarvis</u>, 440 F.2d at 14. Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint pursuant to <u>Bivens</u>.

### III. Conversion to Civil Rights Action

In an appropriate case a habeas petition may be construed as a civil rights complaint. <u>Wilwording v. Swenson</u>, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the <u>Wilwording</u> case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. <u>See</u> 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, the Court will recommend the case be dismissed without prejudice to Petitioner presenting the claims in a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), rather than a habeas petition. Any such complaint will be assigned a separate civil number.

///

///

///

**IV.     Recommendation**

Based on the foregoing, it is HEREBY RECOMMENDED that the petition be dismissed without prejudice to Petitioner's right to file a civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

The findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **thirty** (30) days after being served with the findings and recommendations, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   September 12, 2017             /s/ *Michael J. Seng*
                                                          UNITED STATES MAGISTRATE JUDGE